Good morning, may it please the court, my name is Brian Mullins and I represent the appellant Brandon Sanchez. Mr. Sanchez was sentenced to 96 months in prison for possessing a firearm after he had been convicted of a felony. We are raising two points. One is that the district court incorrectly applied the enhancement for possessing the firearm in connection with another felony, specifically trafficking in cocaine. And the second procedural error is that the district court relied on a clearly erroneous fact in denying Mr. Sanchez. Sanchez's request for a variance based on his criminal history overstating his risk of possession of a firearm was a clear and harmless error in light of the district court's statement that even if she had miscalculated the guidelines, she would have imposed the same sentence and then she gave her 3553A justifications. I think primarily because the 3553 justification that the district court focused on when making those remarks was the specific fact that the court found that Mr. Sanchez possessed the firearm in connection with drug trafficking. So really the 3553 factor that she pointed to was the factor or the fact that she relied on to apply the enhancement. She went into detail about his history and characteristics and concerns that he had criminal violations from the age of 12 forward. He had violence in his criminal history. He had a history of noncompliance with the release factors. She went into a lot more than just firearm in possession or in connection with the felon. And that was addressing our argument that the criminal history overstated his risk of recidivating? In part, but that was also she addressed that why she was giving this particular sentence. And I think primarily it was addressed to the criminal history category. The court found that the category was properly considered a category five. It found specifically that it did not understate his prior record, but that it did not overstate, which is what we had argued. Our argument today was going to focus on the firearm enhancement itself, but addressing the harmless air issue, I think it has to be remembered that the government bears the burden to prove that the air was harmless. And if the court finds that there was error made, I don't believe that the government has met its burden, given that the court's comments about imposing the same sentence, as I said previously, were focused on the firearm and drug connection, which were the subject of the enhancement. He did possess them together. When she was explaining the harmlessness finding, I thought she was referring to distribution quantities, right? The multiple packages, right? Correct, three packages. So she didn't say in that point, he's trafficking. She said he's got distribution quantities, right? The court's finding or conclusion that he possessed the firearm in connection with trafficking in cocaine was based really on two factual findings. One was that the cocaine was packaged in three baggies, and two was that he had two prior convictions for drug trafficking. However, that second finding is incorrect. He actually had only one prior conviction for drug trafficking. So the court remarked that it was a close case. We believe that that factual mistake the court made regarding his prior convictions is enough to put the case over the edge. I'm focusing, though, on her explanation that it is a close case under the guidelines, but I would still impose the same sentence, even if I'm wrong on the other felony connection. And I think the court's finding in that respect was based on the fact that the court found, well, I can read the court's finding specifically. I think you're looking for pages 49 and 50. Yes. There is a danger when people are possessing a distribution amount of drugs in close proximity here. That was what the court really relied on when it found that it would have imposed the same sentence or when it made that statement. That's really the same facts that are addressed in the firearm, the enhancement. So I don't believe the government can meet its burden to show that any error was harmless when the facts the court relied on to make the enhancement finding, if those are erroneous, well, those are the same facts the court relied on to state that it would have imposed the same sentence. I don't believe that error could be harmless in that circumstance. But she acknowledged that she'd made an error in the number of prior convictions, right? She acknowledged that, no, not in relation to the finding that the firearm was in connection with another felony. She made that finding addressing Mr. Sanchez's request for a variance based on his criminal history being overstated. But the comment that was made, she did discuss four levels. I believe that comment was a misstatement that she should have said six levels, that what we were arguing was that the base offense level was also an overstatement because his prior conviction was a fairly low level marijuana case. So he received the enhancement from base level 14 to base level 20 based on his prior controlled substance offense. The court was addressing that argument and also the criminal history overstatement argument when it went back to clarify that that prior conviction was not for trafficking. But the court really never went back and corrected the record with respect to using that second. Why isn't it sufficient, though, that she misspoke about the two convictions, then she corrected the record that said the one. She did it, you're right, in connection with the variance. But after she corrected the record, she went on to say, I did find that the four level enhancement for possessing a firearm in connection with another felony offense applies under the guidelines. Reading the transcript as a whole, why can't we conclude, which is what seems logical, that it applied there as well? Well, my recollection is that those comments were just made, weren't addressing the fact that the second conviction was not correct. But she reiterated the enhancement after she had corrected herself. Not in the same sentence, but she previously on the record corrected herself that she had made a mistake. And then several pages later, she went on to reiterate, I found the four level enhancement. I think that remark in passing doesn't correct the error, that the error was a primary basis for the court's finding. Really, there were only two factors here. The three baggies, the fact that the cocaine was packaged in three baggies, and the two prior convictions. One of those factors is incorrect, where, as the district court acknowledged, it's a close case. I think that incorrect fact really does turn the table. But it was more than, sorry, I didn't mean to speak over you. It was more than just those two factors. She noted that the gun was in the same pocket as the drugs. The gun was loaded. He was intoxicated at the time. Went on to say, the gun in the same pocket. The drugs are tools of the trade that are used to protect. So it was more than just the three baggies and two prior convictions. She talked about the factual circumstances. I think those were the specific facts, though, that other than just mere presence, the mere close proximity. But that's a relevant fact. To make the case a drug trafficking case. I think those are the factors that distinguish a drug trafficking case from drug possession, which is a different standard. I'm going to reserve the rest of my time. Thank you, counsel. May it please the court. My name is Alyssa Raya, and I am here on behalf of the United States today. I'm going to start off responding to Mr. Mullen's statements about the harmless error in this case. Mr. Mullen stated that the primary justification for the court's statement that she would give the same sentence under the 3553A factors was that this was a distribution amount of cocaine. But that was not her primary justification, and I believe, as your honors have pointed out, the judge made a very lengthy and detailed, exhaustive explanation regarding the 3553A factors. She talked about the defendant's history and characteristics and his criminal history beginning when he was 12 years old. She went through every single conviction he had. She went through the fact that he was violated or unsuccessfully discharged in every single case that he had. And she really focused on the seriousness of the offense when discussing the 3553A factors. She talked about how this was a volatile situation, how this defendant was drunk and high to the point of incapacitation. And he's out on a public street. He's got a loaded gun loaded with hollow point rounds and an obliterated serial number in the same pocket as three individually packaged baggies of cocaine. She talked about how this situation could have gone so wrong for not only the defendant but also the police officers that were there to help him. And that's true, because when they were there to help him, instead of letting them know that he had a gun in his pocket, he starts reaching for his pocket. And the judge took this situation very seriously, and she considered it a very aggravated type of felon in possession. And that's really what she focused on when she made the statement that she would impose the same sentence regardless of whether she was wrong about the enhancement under 2K2.1b6 and whether she was wrong about whether the defendant possessed the firearm in connection with another felony. So yes, she said distribution amount, but that was not the primary justification. And the error, any error, is harmless irrespective of that statement, because she referred back. And actually, she said, for much of the reasons I've stated, when she was making that statement about 3553A factors, and she was referring back to the exhaustive explanation she gave for why the sentence would be permissible in this case regardless of the enhancement. When she originally found that the enhancement for possession of a firearm and furtherance of a felony applied, she relied on the fact that she thought he had two prior convictions. She subsequently corrected the record that he only had one. Where can we read her tying that in, that her enhancement decision still stood with the one conviction as opposed to two? Yes, so Your Honor is correct. She did correct the record, the district court did, on her own accord. Nobody else brought it up. The district court did correct that. Then, after she corrected that, and I believe this was during her discussion of the defendant's request for a variance, when she's going through the defendant's entire criminal history, she goes through each of those convictions. And she describes the one that she had misstated as a trafficking offense as a felony possession of marijuana offense. And then right after that, she talks about the drug trafficking crime that gave him the additional levels to bring him to the 20 base offense level. So she makes clear that she's very aware of what his actual convictions are at that point. And then later, as Your Honor already pointed out, when she is discussing the 3558-3A factors, she says, even if I'm wrong, legally wrong, about that firearm enhancement, I would still give the same sentence based on all these other things, all the things I've already talked about. So she's acknowledging that she found the enhancement, she corrected her misstatement, and the enhancement still applies. But she said the four-letter enhancement is still appropriate, right? Correct, Your Honor, yes. After acknowledging there's only one conviction. Correct. After acknowledging the error on her own accord again, she said it still applies. And then she went on to say that even if it doesn't, based on all these other factors under 3553-A, I would still give him the same sentence. So, and as Your Honor also already pointed out regarding the enhancement itself, it wasn't just three baggies of cocaine. It was three baggies of cocaine within another baggie, which the court described as a wholesale amount of cocaine, in the same pocket as a loaded gun. And in addition to that, she found that the defendant's prior drug trafficking crime was irrelevant to enhance her analysis regarding the enhancement. But it's also the gun itself and the proximity of the gun to the firearm that allows the court to infer that this defendant had those three baggies of cocaine with the intent to deliver them, because he had a loaded firearm in the same pocket. And the court's finding here is consistent with this court's precedent. This court has previously found in the 924C context that possession with intent to deliver or distribute can be inferred where there are multiple baggies containing the substance or there's other indicia of intent to distribute such as a weapon. And that's what we have here. We have the weapon, but we also have other indicia, which is the three separate baggies of cocaine, that wholesale type of packaging. And as I noted in my brief, this case is pretty similar to this court's previous decision in Markovich, where the defendant had four grams of cocaine and this court described that as a large quantity. And we have a similar amount here. We have 4.8 grams of cocaine. The court described that that amount of cocaine coupled with the scale and the gun and the prior is indicative of possession with intent to distribute. And as I noted in the brief, although we don't have a scale, we do have packaging that indicates or infers that the defendant had an intent to deliver. And unless there are any other further questions about the particular issues that counsel has discussed or any of the other arguments in the briefs, the government will rely on the brief. Thank you. Thank you, counsel. Thank you. We'll give you two minutes. Oh, thank you. Just to return to harmless error, had the four-level enhancement not applied, the guidelines in this case would have been 70 to 87 months. The court imposed a 96-month sentence, so we would be looking at a nine-month upward variance, despite the fact that Mr. Sanchez received the six-point enhancement because he had a prior conviction for a controlled substance offense, he received the four-level enhancement for the obliterated serial number, and he was placed in Category 5, which the court found was an appropriate category. So the court sentence would not be entitled to a resumption of reasonableness in that situation. So I think, given all of those factors, we would be in a much different place had that enhancement not applied. So that, I think, should be considered when looking at whether any error that occurred was harmless. And also to return to the court's, or I think the government's, suggestion that the court was clearing the record when it referred to the four-level enhancement still applying. This is on page 35 of the sentencing transcript. And this has to be placed in the context of a two- or three-page discussion about the defendant's request for a variance based on the base offense level over reflecting the seriousness of the offense. And the court said, I do believe, consistent with the sentencing commission, that there is an increased risk posed by individuals who have a certain type of prior conviction, and I have discretion in viewing those, the nature of the prior, in your case, the drug offense, but I do still think that the four levels is appropriately applied in your case, and I do think that it's not a basis, or I don't think it's a basis for a variance. I think in that context, that reference to four levels has to be considered a misstatement that the court intended it to be the six levels from base level 14 to base level 20, and the court was not referring at all to its finding that the firearm was possessed in connection with another felon. Unless there are further questions, I will rest. Thank you, Mr. Mullaney. Our thanks to both counsel and the cases taken under advisement. And that concludes the cases for today, and the court will be in recess. Thank you. Thank you.